## The John S. Smith.[1]

## Mayo v. The John S. Smith.

### (District Court, E. D. New York.   April 6, 1886.)

Collision—Tripping Anchor—Drift—Negligence—Notice of Intention to Drift.

> When the schooner W. tripped her anchor knowing that, as the wind and tide then were, she would drift rapidly, and across the course of vessels coming up the bay; and, having done so, drifted and collided with a tug, having the schooner A. in tow, which was within hailing distance when the anchor was tripped; and nothing showed that the tug had notice beforehand of the schooner's intention to drift, or could have avoided her after the drift had begun: *held,* that the schooner W. was liable for the collision.

In Admiralty.

*Wilcox, Adams & Macklin,* for libelant, Elisha Mayo.

*Edward D. McCarthy,* for the tug.

*Butler, Stillman & Hubbard,* for the schooner Frank Atwood, in tow of the tug.

Benedict, J. Situated as the schooner Phebe J. Woodruff was, and with the wind and tide as it was, it was a fault in the Woodruff to trip her anchor when she did. She knew that she would drift rapidly the moment her anchor broke ground, and that her drift would carry her across the course of vessels coming up the bay. It was her duty, before taking such a drift, to be sure that it would not endanger any vessel near. If she knew of the presence of the tug or tow when she tripped, it was a fault not to hold on by her anchor till the tow, then within hailing distance, had passed. If she was ignorant of the presence of the tug and tow, that ignorance was a fault.

Whether the tug was not in fault is the remaining question. I do not think that the tug was chargeable with the knowledge of the schooner's intention to trip her anchor when she did. The spanker gave no such notice. It had been up for some hours. The presence of the crew of the Woodruff at the windlass gave no such notice. They had been at work there for some time. The act of drifting first gave notice of the schooner's intention to drift, and the act was observed by the tug as soon as it commenced. Want of lookout on the tug, therefore, was no cause of the accident. Neither was it a fault on the part of the tug to keep going, notwithstanding the drift of the schooner. To stop would have been fatal. Her only way was to port or starboard. She did the former, and I am not satisfied that it was an error so to do. But if it was an error, it was no fault. A mistake on the part of the tug in adopting a method of escape from an imminent peril, caused by the change of the schooner

¹ Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

from a vessel at anchor to a vessel drifting rapidly athwart her course, should not, in my opinion, be imputed to her as a fault.

The libel must be dismissed, with costs.